IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELINDA RAND,

    Plaintiff,

    v.

DENTAL INNOVATIONS, et al.,

    Defendants.

Case No. 23-2355-JWB-ADM

## REPORT AND RECOMMENDATION

On August 14, 2023, pro se plaintiff Melinda Rand filed this employment-discrimination action against defendants Dental Innovations and Mark Manroe ("defendants"). (ECF 1.) On January 5, 2024, the court ordered Rand to show cause in writing by January 18 why the court should not recommend that her case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) because more than ninety days had passed since she filed her complaint, and the docket did not reflect that she has executed service on defendants. (ECF 4.) As of today, Rand still has not served defendants, and she did not respond by the January 18 deadline. Indeed, she has taken no action in the case since filing it more than five months ago. Accordingly, as discussed in further detail below, the court recommends that the presiding district judge dismiss the case without prejudice.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). The court may extend the time for service if the plaintiff shows good cause for the failure. *Id.* In

1

evaluating a plaintiff's failure to timely effect service, the court applies a two-step inquiry. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, the court determines whether a plaintiff has shown good cause for the failure to timely serve and, if so, then the court must grant an extension of the deadline for service. *Id.* But if a plaintiff "fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id.* "At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.*; *see also* FED. R. CIV. P. 4(m) advisory committee's note to the 1993 amendment (noting the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown").

At the first step of the analysis, the court will not grant a mandatory extension because Rand has not shown good cause for failing to timely serve defendants. She did not respond to the show-cause order. Consequently, she has not set forth any circumstances from which the court could find good cause to justify an extension of the deadline for service. *See Hornbeck v. Doe*, No. CIV-14-276-W, 2015 WL 3440223, at *3 (W.D. Okla. May 27, 2015) (plaintiff did not show good cause by failing to timely respond to a show-cause order); *see also Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (plaintiff must show good cause); *Value Place Franchise Servs., LLC v. Hugh Black-St. Mary Enterprises, Inc.*, No. 14-1152-DDC-KGS, 2015 WL 225790, at *3 (D. Kan. Jan. 16, 2015) ("Plaintiff bears the burden of showing good cause for failing to obtain service.").

Turning to step two, the court also finds that a permissive extension is not warranted. In making this determination, the court may weigh a variety of considerations, including whether the plaintiff tried but failed to effect service on the defendants, whether there are complex requirements of serving multiple defendants, whether the defendants had notice of the lawsuit,

2

whether the defendants were prejudiced by the delay of service, and whether any policy consideration would justify granting an extension of time for service. *See Espinoza*, 52 F.3d at 841; *Forzani v. Peppy Prod.*, No. 18-CV-01715-RM-KLM, 2018 WL 5845051, at *4 (D. Colo. Nov. 8, 2018) (collecting cases), *report and recommendation adopted as modified*, No. 18-CV-01715-RM-KLM, 2018 WL 6791100 (D. Colo. Dec. 3, 2018). Nothing in the record suggests Rand has attempted to serve defendants. This is a relatively typical discrimination case that does not appear to implicate policy considerations that would justify granting an extension of time for service. Rand has taken no action, including undertaking any efforts to effect service or respond to the court's show-cause order, since she filed this case more than five months ago.

Accordingly, the court recommends that the district judge dismiss this case without prejudice pursuant to Rule 4(m). If Rand objects to this Report and Recommendation by advancing arguments that she should have raised in the first instance in response to the show-cause order, the court recommends that the district judge refer this matter back to the undersigned for disposition and evaluation as to whether to vacate this Report and Recommendation.

\* \* \* \* \*

Rand may file specific written objections to this Report and Recommendation within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); D. KAN. RULE 72.1.4(b). If she fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this Report and Recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated January 24, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge