IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELINDA RAND,

                Plaintiff,

v.                                                         Case No.  23-2355-JWB

DENTAL INNOVATIONS,

                Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on a January 17, 2024, Report and Recommendation ("R&R") by Magistrate Judge Angel D. Mitchell recommending dismissal of Plaintiff's pro se complaint pursuant to Fed. R. Civ. P. 4(m) because more than ninety days had passed since Plaintiff filed her complaint and she has not executed service on Defendant.  (Doc. 5.)  Plaintiff is a registered pro se participant who registered to receive electronic notifications only.  (Doc. 3.) The R&R was filed on January 24, 2024, and the record indicates that Plaintiff received electronic notification on that date.  (Doc. 5.)  She had 14 days from receipt of the R&R to file written objections to it, and if she did not timely file any objections, no court would allow appellate review of the recommended disposition.  (Doc. 5 at 3.)  Almost two and a half months have passed since Plaintiff received the R&R, and she has filed no objections to it.

Plaintiff's failure to timely object to any portion of the R&R leaves her with no entitlement to appellate review.  *Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court ...") (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th

1

Cir. 1996)). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

The court agrees with Judge Mitchell's analysis concluding that Plaintiff's complaint should be dismissed for failing to execute service on Defendant. The court finds no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") The court accordingly adopts the recommendation in the R&R to dismiss the complaint.

**Conclusion**

The court ADOPTS the Magistrate Judge's R&R (Doc. 5) as the findings and conclusions of this court. Plaintiff's complaint (Doc. 1) is hereby DISMISSED for failure to execute service on Defendant.

IT IS SO ORDERED. Dated this 12th day of April, 2024.

s/ John W. Broomes  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE